IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TERRI L. WHITE,
   *Plaintiff*,

v.

WAL-MART STORES, INC.,
   *Defendant*.

Civil Action No. ELH-14-00031

**MEMORANDUM**

Terri L. White, the self-represented plaintiff, filed suit against Walmart Stores, Inc. t/a Sam's Club ("Wal-Mart"), defendant. ECF 2 (Complaint).[1] Plaintiff alleges that, while walking through a parking lot at a Sam's Club store in Annapolis, Maryland, she was "caused to slip, trip and fall as a result of a defective sidewalk which was improperly maintained." *See* Complaint ¶¶ 2, 4. Plaintiff asserts that Wal-Mart was negligent, *inter alia*, "by not maintaining its sidewalk free of any dangerous and defective condition and void of any sign or notice warning invitees of the dangerous and defective condition." Complaint ¶ 5. Further, plaintiff maintains that Wal-Mart "owed a duty of care to Plaintiff, an invitee of Defendant, to maintain the premises and to see that the portions of the property, which an invitee would be expected to use, were maintained and safe and/to warn an invitee of any dangerous or defective condition that existed on the property." Complaint ¶ 7. Plaintiff seeks damages in the amount of $250,000 and costs.

Wal-Mart filed a motion to dismiss (ECF 6) and accompanying memorandum (ECF 6-1) (collectively, the "Motion"), pursuant to Rule 12(b)(6) and Rule 12(d) of the Federal Rules of

---

[1] Plaintiff originally filed suit in the Circuit Court for Anne Arundel County, Maryland. On January 6, 2014, defendant removed the action to this Court on the basis of diversity jurisdiction. *See* 28 U.S.C. §§ 1332, 1441; *see also* Notice of Removal (ECF 1).

Civil Procedure. In the Motion, defendant asserts that plaintiff's Complaint fails to state a claim upon which relief may be granted. *See* ECF 6-1.

First, defendant argues that the Complaint fails to state a claim because it fails to identify the "dangerous" or "defective" condition of the sidewalk, which allegedly caused plaintiff to fall. ECF 6-1 at 5. Defendant observes that plaintiff has set forth "no facts describing the location, nature, or character of the condition to demonstrate that it was dangerous or defective." *Id.* According to defendant, such a description is integral to stating a claim under a theory of premises liability, because "the mere existence of a defect or danger is insufficient to establish liability." *Id. See, e.g., Tennant v. Shoppers Food Warehouse Md. Corp.*, 115 Md. App. 381, 389, 693 A.2d 370, 374 (1997) (setting forth the elements of premises liability; explaining that the "owner or occupier of land ordinarily has no duty to warn an invitee of an open, obvious, and present danger" and that "the burden is upon the customer to show that the proprietor created the dangerous condition or had actual or constructive knowledge of its existence").

Second, defendant asserts that, although plaintiff states that she was an invitee, one cannot determine whether plaintiff was a business invitee or a bare licensee based on the facts in the Complaint. ECF 6-1 at 7. *See Francis v. Giacomelli*, 588 F.3d 186, 189 (4th Cir. 2009) ("[A] complaint must contain 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'") (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). Defendant observes that plaintiff was not inside of the Sam's Club store when she fell, and one cannot infer from the remaining facts whether she intended to patronize the establishment. *See Wells v. Polland*, 120 Md. App. 699, 710, 708 A.2d 34, 40 (1998) ("A licensee is one who enters property with the possessor's knowledge and consent but for his or her

own purpose or interest.  The owner owes no duty to a licensee under the traditional common law view except to abstain from willful or wanton misconduct or entrapment.") (internal citation omitted).

On January 8, 2014, the Clerk of Court mailed plaintiff a letter notifying her that defendant had filed a motion to dismiss and advising her that failure to file a written response within seventeen days from the date of the letter could result in judgment against her.  *See* ECF 7.  On February 26, 2014, defendant submitted a filing, which was mailed to plaintiff, noting that plaintiff had not filed a response to the Motion and that the Motion was ripe for a ruling by this Court.  ECF 10.  To date, plaintiff has not filed any opposition to the Motion, and the time for her to do so has long expired.  *See* Local Rule 105.2(a); Fed. R. Civ. P. 6(d).  No hearing is necessary to resolve this matter.  *See* Local Rule 105.6.

Because plaintiff failed to file any opposition to the Motion, this Court has the discretion to dismiss the case without reaching the merits.  When a plaintiff fails to oppose a motion to dismiss, a district court is "entitled, as authorized, to rule on the . . . motion and dismiss [the] suit on the uncontroverted bases asserted" in the motion.  *Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir. 2004); *see also Ferdinand-Davenport v. Children's Guild*, 742 F. Supp. 2d 772, 777 (D. Md. 2010) ("By her failure to respond to [defendant's] argument" in a motion to dismiss, "the plaintiff abandons [her] claim."); *Mentch v. Eastern Sav. Bank, FSB*, 949 F. Supp. 1236, 1247 (D. Md. 1997) (holding that failure to address defendant's arguments for summary judgment in opposition brief constituted abandonment of claim).  Moreover, a district court has "the inherent authority . . . to dismiss a lawsuit sua sponte for failure to prosecute."  *United States v. Moussaoui*, 483 F.3d 220, 236 (4th Cir. 2007); *see Link v. Wabash R.R. Co.*, 370 U.S.

626, 629 (1962).

To be sure, a plaintiff's failure to oppose a motion to dismiss is no guarantee of victory for the defendant, because the district court also has discretion to decline to "grant a motion to dismiss based on the failure to file a timely opposition when the motion is plainly lacking in merit." *United States v. Sasscer*, Civ. No. Y-97-3026, 2000 WL 1479154, at *2 n.6 (D. Md. Aug. 25, 2000). Nevertheless, I detect no obvious lack of merit in defendant's Motion. In light of plaintiff's failure to oppose the Motion, I can only assume that plaintiff concedes that her Complaint is deficient for the reasons stated by defendant. Therefore, I will exercise my discretion to dismiss the Complaint, without prejudice, on the basis of plaintiff's failure to oppose the Motion. The dismissal is on the terms set forth in the accompanying Order.

Date: April 4, 2014   /s/
　　　　　　　　　　　Ellen Lipton Hollander
　　　　　　　　　　　United States District Judge